UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WESLEY S. RICKS | CIVIL ACTION NO. 3:17-cv-0400 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SYDNEY A. JOHNWELL, ET AL | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Wesley S. Ricks, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 15, 2017 [Rec. Doc. 1]. On March 20, 2017, he was ordered to amend his complaint on the proper forms [Rec. Doc. 4]; he did so on March 31, 2017 [Rec. Doc. 5] Plaintiff is an inmate incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In the instant matter, he sues Sydney A. Johnwell, Twhyler N. Coutee, Marvin Holmes, Eddie Bayless and William Hayman, requesting an evidentiary hearing, a new trial, as well as monetary damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Background

Plaintiff was tried and convicted in 2014 for first degree rape, in violation of La. R. S. 14:42(A)(4), for the rape of 11 year old Sydney Johnwell (named as a defendant herein). He brings the instant suit against the following: (1) Sydney Johnwell, the victim, alleging that she made a false report to the Bastrop Police Department regarding the rape; (2) Twhyler Coutee, mother of the victim and a witness who testified against him; (3) Sergeant Marvin Holmes of the Bastrop Police Department, who received the report of rape by the victim and obtained an arrest warrant for plaintiff

"without thoroughly investigating the circumstances..." [Rec. Doc. 1, p.5]; (4) Eddie Bayless, General Manager of the Bastrop Daily Enterprise, "responsible for supporting Bastrop Police Department in defaming Wesley S. Ricks...[by] allow[ing] this information to be publish (sic) as false advertising of Aggravated Rape considered to the public;" and (5) William Hayman, grand juror.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis.* Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

2. *"State Actor"*

In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. Id." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04

(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Thus, only so-called "state actors" maybe sued for federal civil rights violations under 42 U.S.C. § 1983. A private citizen becomes a "state actor" only when her conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir.1999).

A private party does not act under color of law or become a "state actor" simply by invoking state authority. *See Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1078–79 (5th Cir.1985) ("The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action.").

Plaintiff has named as defendants Sydney A. Johnwell, the victim in the criminal matter in which he was convicted in 2013, Twhyler N. Coutee, the victim's mother and Eddie Bayless, General Manager of the Bastrop Daily Enterprise newspaper. None of these individuals are state actors and, as such, plaintiff has failed to state a claim against them for which relief may be granted and its claims are frivolous.

### 3. Grand Juror Immunity

Plaintiff also named William Hayman, a grand juror in the criminal matter, as a defendant. Grand jurors are absolutely immune from liability for actions arising out of their service, as are jurors acting within the scope of their duties. *Imbler v. Pachtman*, 424 U.S. 409, 422–23, 96 S.Ct. 984; *White v. Hegerhorst*, 418 F.2d 894, 895 (9th Cir.1969), cert. denied, 398 U.S. 912, 90 S.Ct. 1710, 26 L.Ed.2d 74 (1970); *Freeze v. Griffith*, 849 F.2d 172, 174–75 (5th Cir.1988). Accordingly, William Hayman is absolutely immune from liability in this matter.

### 4. False Arrest

Finally, plaintiff names Sergeant Marvin Holmes of the Bastrop Police Department as a defendant, alleging that he obtained an arrest warrant without thoroughly investigating the allegations made by the victim in 2012 and thus, plaintiff was falsely arrested.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The "statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007).

Plaintiff's false arrest and imprisonment claims thus accrued in 2012, when the judge in the criminal matter reviewed the allegations set forth in the affidavit of probable cause and determined that probable cause for plaintiff's arrest and detention had been established. *See Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a

magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had 1-year from the date that the judge in the criminal matter made his determination of probable cause, or until sometime in 2013, at the latest, to file his civil rights complaint claiming false arrest. Plaintiff's complaint was filed well beyond the expiration of the 1-year period of limitations and therefore, his claims against Sgt. Holmes have prescribed. Because his claims is time barred, plaintiff has not stated a claim upon which relief can be granted.

### *Conclusion and Recommendation*

For the foregoing reasons,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted and for seeking money damages against defendants who are immune from suit, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

**bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 12, 2017.

  _____
  KAREN L. HAYES
  UNITED STATES MAGISTRATE JUDGE